[No. 3164, Jan. 14, 1927]

## STATE v. ASHCROFT

[252 Pac. 1001]

### SYLLABUS BY THE COURT

The state has no right of appeal from a judgment of the district court, sustaining a plea of former conviction and dismissing the indictment.

Appeal from District Court, Valencia County; Owen, Judge.

J. Wilford Ashcroft was indicted for receiving and purchasing stolen property. From a judgment sustaining his plea of former conviction and dismissing the indictment, the State appeals. Appeal dismissed, and cause remanded.

Fred E. Wilson, Atty. Gen., and O. A. Larrazolo, of Albuquerque, for the State.

Geo. S. Klock and M. J. McGuinness, both of Albuquerque, for appellee.

### OPINION OF THE COURT

PARKER, C. J. Appellee was charged in the indictment with the crime of unlawfully receiving and purchasing stolen property. He interposed a plea of former conviction for the same offense. The court sustained the plea and dismissed the indictment. Thereupon the state appealed to this court. A motion to dismiss the appeal had been filed on various grounds, but only one ground need be considered. It is that the state has no right to appeal in cases of this kind. The matter is governed by section 50, chapter 43, Laws 1917, which is as follows:

"When any indictment, complaint or information is quashed or judged insufficient upon any interlocutory motion, or judgment is arrested, the district court may cause the defendant to be committed or recognized to answer another indictment, complaint or information, or an appeal to the Supreme Court shall be granted, if the prosecuting attorney desire it."

[1] 17CJ p. 44 n. 5.

This whole matter has been considered in Ex parte Carrillo, 22 N. M. 149, 158 P. 800, and in State v. Dallas, 22 N. M. 392, 163 P. 252. In both of these cases we held that the state has no right of appeal in a criminal case except as the same may be conferred by statute. The statute, under which these decisions were rendered, was identical with the present statute above cited, in so far as the scope of the right of the state to appeal is concerned.

It follows that the motion of the appellee to dismiss the appeal should be granted and the cause remanded to the district court, and it is so ordered.

BICKLEY and WATSON, JJ., concur.