THE PEOPLE OF PUERTO RICO, Plaintiff and Appellant, v. FÉLIX R. NIEVES SANTA, Defendant and Appellee.

No. 10409.    Argued April 11, 1944.—Decided May 1, 1944.

R. A. Gómez, Prosecuting Attorney (Fiscal), and Luis Negrón Fernández, Assistant Prosecuting Attorney, for appellant. Edgar S. Belaval for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

On February 18, 1943, a complaint was filed of the Municipal Court of San Juan against Félix R. Nieves Santa, for aggravated assault and battery, consisting in having assaulted with a stone José Pérez Negrón on January 30, 1943. This complaint was filed on February 12, despite the fact that, four days before, on February 8, the injured man had died as it appears from the information for murder filed on February 17 by the Assistant District Attorney. During the pendency of this case in the district court, the case for aggravated assault and battery was heard in the municipal court on March 9, 1943, wherein the defendant was acquitted.

When the defendant was, called for arraignment in the murder case, he pleaded not guilty and also set up the defense of former jeopardy. After setting forth the facts, the lower court relied on the second allegation and ordered the

dismissal of the case. From this judgment the district attorney took an appeal and now the appellee prays for the dismissal of the appeal (a) because the judgment is not appealable, and (b) because the appeal is frivolous.

Even though the hearing of the motion was postponed on two different occasions so as to give the *Fiscal* of this court an opportunity to file his brief, yet he never filed it, and at the hearing he consented to the motion on the first ground.

We are of the opinion that the appellee is correct. Upon a slight examination of §348 of the Code of Criminal Procedure it appears that the case at bar is not included in any of its six subdivisions[1] and, therefore, the judgment in this case is not appealable. Since the right to appeal is statutory, the People of Puerto Rico may appeal only in those cases expressly provided in §348, *supra. U. S. Sauges,* 144 U. S. 310. In the cases of *State* v. *Oashcroft,* 252 Pac. 1001 (N. M. 1927); *People* v. *White,* 5 N. E. (2d) 472; *People* v. *Vitale,* 5 N. E. (2d) 474; *People* v. *Nitti,* 5 N. E. (2d) 476 (Ill. 1936), it was held that in the absence of a statute authorizing the appeal, judgments like the one rendered herein are unappealable by the State.

In his brief, appellee's counsel outlines and analyses in detail all our decisions construing the provisions of said Section which shows that he has made a careful and commendable study of the question raised. We do not deem it pertinent, however, to explain the apparent contradictions existing in some of the cases decided by this court, referred to by the attorney, for since the case at bar does not fall

---

[1] "Section 348.—An appeal may be taken by The People:

"1. From an order setting aside the information;

"2. From a judgment for the defendant on a demurrer to the information;

"3. From an order granting a new trial;

"4. From an order arresting a judgment;

"5. From an order made after judgment, affecting the substantial rights of the people;

"6. From an order of the court directing the jury to find for the defendant."

within any of the subdivisions of §348, *supra*, such explanation would be academic.

The facts involved in this case deserve our most severe censure. From the record before us we are unable to determine with certainty who should be made responsible for the prosecution of the action for aggravated assault and battery in the municipal court, notwithstanding the prosecution for murder was pending in the district court.

There is no showing in the record as to who filed the complaint in the municipal court. Probably it was a member of the Insular Police, but the truth is that when it was filed the injured man had already died. After his death the case should have been taken to the district attorney's office by the same officer who originally investigated the facts, who in all probability was the same one who filed the complaint in the municipal court. How is it then possible that he should not have informed the district attorney of that fact? And if he did so, why did the district attorney fail to move for the dismissal of the complaint in the municipal court?

On the other hand, appellee's counsel admitted at the hearing that he had not informed the judge of the municipal court during the trial of the case for aggravated assault and battery that an information for the crime of murder had been filed in the district court. We are of the opinion that without failing to fully comply with his duties towards the defendant, as an officer of the court, he should have informed the judge. As to the judge of the municipal court, it seems that he did not inquire why the injured man, undoubtedly the principal witness in the case, failed to appear to testify at the trial, because if he had made any inquiries, he would have easily found out about his death and hence would have felt bound to transfer the case to the district attorney.

All the attendant circumstances show that this proceeding, from beginning to end, was prosecuted with gross neg-

ligence, or something worse, on the part of all those who intervened.

Since the judgment in this case is not appealable, the appeal is dismissed for lack of jurisdiction.