EL PUEBLO DE PUERTO RICO, demandante y apelante, *v.* FÉLIX R. NIEVES SANTA, acusado y apelado.

Núm. 10409.—*Sometido:* Abril 11, 1944. *Resuelto:* Mayo 1, 1944.

R. A. *Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados del apelante; *Edgar S. Belaval,* abogado del apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

El día 12 de febrero de 1943 se radicó en la Corte Municipal de San Juan una denuncia contra Félix R. Nieves Santa por un delito de acometimiento y agresión grave, consistente en haber agredido a José Pérez Negrón con una piedra el día 30 de enero de 1943. Esta denuncia fué radicada el 12 de febrero no obstante que el 8 de febrero, cuatro días antes, ya el agredido había fallecido según aparece de la acusación que por el delito de asesinato radicó el Fiscal Auxiliar en la corte de distrito el día 17 de febrero. Estando pendiente este proceso en la corte de distrito, el 9 de marzo de 1943 se vió ante la corte municipal el caso por acometimiento y agresión grave siendo absuelto el acusado.

Al ser llamado el acusado para la lectura de la acusación por asesinato hizo alegación de inocente y además alegación de haber sido expuesto y absuelto por el mismo delito, *former jeopardy.* La corte inferior después de exponer los hechos declaró con lugar la segunda alegación y ordenó el sobreseimiento y archivo del caso. Contra esta sentencia interpuso apelación el Fiscal del Distrito y ahora el apelado solicita que el recurso sea desestimado (*a*) por no ser apelable la sentencia, y (*b*) por ser frívola la apelación.

Aun cuando la vista de la moción fué pospuesta en dos ocasiones para dar oportunidad al Fiscal de esta Corte para radicar su alegato, nunca lo hizo, y en la vista oral se allanó a la moción por el primero de sus motivos.

Creemos que tiene razón el apelado pues una mera lectura del artículo 348 del Código de Enjuiciamiento Criminal demuestra que el caso de autos no está comprendido en ninguno

de sus seis apartados(¹) y que como consecuencia la sentencia en este caso no era apelable. Siendo el derecho de apelación estatutario El Pueblo de Puerto Rico sólo puede apelar en aquellos casos expresamente provistos en el artículo 348, supra, *U. S.* v. *Sanges,* 144 U.S. 310. En los casos de *State* v. *Ansheroft,* 252 Pac. 1001 (N. M. 1927); *People* v. *White,* 5 N.E. (2d) 472; *People* v. *Vitale,* 5 N.E. (2d) 474; *People* v. *Nitti,* 5 N.E. (2d) 476 (Ill. 1936), se resolvió que en ausencia de un estatuto que autorizara la apelación, resoluciones similares a la dictada en el caso de autos eran inapelables por el Estado.

El abogado del apelado en su alegato hace un concienzudo resumen y análisis de toda nuestra jurisprudencia interpretando los preceptos de dicho artículo que demuestran un detenido y loable estudio de la cuestión planteada. No consideramos propio, sin embargo, tratar de aclarar las aparentes contradicciones existentes en algunos de los casos resueltos por esta Corte, a que hace referencia dicho letrado, pues no estando el caso de autos comprendido en ninguno de los apartados del artículo 348, supra, sería académico si lo hiciéramos.

Los hechos envueltos en este caso merecen nuestra más fuerte censura. De acuerdo con los autos ante nos no podemos determinar con certeza a quién corresponde hacer responsable de que se permitiera que continuaran los procedimientos por acometimiento y agresión grave ante la corte

---

(¹) "Artículo 348.—El ministerio público puede establecer apelación:

"1. De una providencia desestimando la acusación.

"2. De una sentencia a favor del acusado en virtud de excepción perentoria puesta a la acusación.

"3. De una providencia concediendo la celebración de nuevo juicio.

"4. De una providencia declarando el sobreseimiento provisional.

"5. De una providencia dictada después de pronunciado el fallo, que afecte los derechos sustanciales del ministerio público.

"6. De una orden del tribunal al jurado mandando que éste pronuncie veredicto a favor del acusado."

municipal no obstante estar pendiente ante la corte de distrito el proceso por asesinato.

No aparece de los autos quién formuló la denuncia en la corte municipal. Es posible que haya sido un miembro de la policía insular pero el hecho es que a la fecha en que se radicó ya había fallecido el agredido. Al ocurrir dicho fallecimiento el caso tuvo que llevarse a la fiscalía por el funcionario que originalmente investigó los hechos, que seguramente fué el mismo que radicó la denuncia en la corte municipal. ¿Cómo es posible que no informara al fiscal de ese hecho? Si lo hizo, ¿por qué no solicitó el fiscal el archivo de la denuncia ante la corte municipal?

Por otra parte, el abogado del apelado admitió en la vista oral que él no informó al juez de la corte municipal al celebrarse el juicio por acometimiento y agresión grave en cuanto al hecho de que se había radicado una acusación por el delito de asesinato en la corte de distrito. Consideramos que sin faltar a sus deberes para con el acusado, como funcionario de la corte debió haberlo hecho. En cuanto al juez de la corte municipal, aparentemente no investigó el motivo por el cual el agredido, sin duda el principal testigo en el caso, no compareció a declarar en el juicio, porque si lo hubiera hecho fácilmente se hubiera enterado de su fallecimiento y entonces era su deber dar traslado del caso al fiscal.

Todos los hechos concurrentes demuestran que este proceso, desde que se inició hasta su terminación, se llevó a cabo con negligencia crasa, si no algo más, por parte de todos los que en él intervinieron.

*No siendo apelable la sentencia en este caso, se desestima el recurso por falta de jurisdicción.*

El Juez Presidente Sr. Travieso no intervino.