Wilmeb J. Patlow, J.
Defendant is charged with prostitution in violation of section 230.00 of the Penal Law, which reads as follows: “A person is guilty of prostitution when such person engages or agrees or offers to engage in sexual conduct with another person in return for a fee.”
The information lodged against defendant is signed by a police •officer and alleges that she offered to engage in sexual conduct with him in return for a fee.
Defendant now moves, pursuant to CPL 170.30 (subd. 1, par. [f]) to dismiss the information on the grounds that there are legal impediments which would prevent defendant’s conviction.
Defendant, citing People v. Jackson (69 Misc 2d 793) argues that the police officer’s testimony requires corroboration to sustain a conviction because the officer is merely a coconspirator when he seeks the service of a prostitute. Defendant further argues that the facts herein constitute illegal entrapment, requiring dismissal of the information.
The People respond by clearly distinguishing the Jackson case from the case at bar. In Jackson, the defendant was charged with engaging in sexual conduct — a consummated act where the accomplice had participated. Thus, the patron and the prostitute ‘ ‘ joined together in the commission of reciprocal offenses and each, therefore, is the accomplice of the other.” (People v. Jackson, supra, p. 797). Hence, the uncorroborated testimony of the patron was insufficient to convict the prostitute.
In the case at bar, defendant is charged not with engaging in sexual conduct for a fee, but with offering to engage in such conduct. The offer, standing by itself, is prohibited by law. It requires no reciprocity. Thus, the police officer can hardly be deemed an accomplice of the prostitute. Therefore, his testimony requires no corroboration.
The People further respond that entrapment is an affirmative defense available at trial, and not properly before the court as part of a pretrial motion. (People v. Philipson, 59 Misc 2d 420.)
The court agrees with the People’s position on both points. Defendant’s motion to dismiss the information is therefore denied.