545 P.2d 490
**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Jorge Antonio SILVA, Defendant-Appellant.**

**No. 2133.**

Court of Appeals of New Mexico.

Jan. 6, 1976.

Certiorari Denied Feb. 6, 1976.

Mary Jo Snyder, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Louis Valencia, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.·

Defendant appeals his convictions for armed robbery and aggravated assault. The appellate issues concern the trial court's exclusion of defendant's asserted defense of insanity at the time of commission of the offenses. Rule of Criminal Procedure 35(a)(1) provides that notice of this defense must be given at arraignment or within twenty days thereafter unless upon good cause shown the court waives this time requirement. Defendant contends (1) that notice was given, or (2) in the alternative, that good cause was shown for waiver of the time requirement.

*Notice*

Defendant was arraigned on May 9, 1975. By "motion" filed June 11, 1975 defendant stated he would rely on the defense of temporary insanity at his trial. This notice was not within twenty days of his arraignment.

Defendant contends that "constructive" notice of the insanity defense was given by his motion for a psychiatric examination filed on May 18, 1975. The motion stated that counsel did not know whether defendant was sane when he committed the acts resulting in criminal charges and that the examination was sought for the purpose of making such a determination. This cannot be construed as giving notice that an insanity defense would be raised.

Notice within the time provided by the rule was not given.

*Waiver of Time Requirement*

Defendant contends that he showed good cause why the time requirement should be waived. Because the trial court refused to waive the time requirement, defendant asserts either that there was manifest error or that the trial court abused its discretion.

The items asserted to be good cause are: (1) the State had notice of the defense five days before trial; (2) the State could not show prejudice by lack of timely notice; (3) defendant could not determine whether to raise an insanity defense until after he was examined by the psychiatrist and the report of the examination had been submitted; (4) the psychiatrist's report was not determinative of defendant's sanity; and (5) the time requirement of the rule is not a strict requirement because the rule expressly provides for waiver.

Assuming but not deciding that the five items relied on are true (in the trial court the State claimed prejudice by the late notice), the items give a one-sided view of the proceedings in the trial court.

 The psychiatric examination was May 28, 1975; the report is dated May 30, 1975; an evidentiary hearing on defendant's competency to stand trial was held June 11, 1975. Trial was June 16, 1975. The report and the testimony at the evidentiary hearing was that defendant was not insane at the time of the offenses and was competent to stand trial. Defendant admitted that he had nothing to rebut the psychiatric evidence. On the morning of trial defendant sought a continuance until certain records concerning defendant's mental condition could be obtained. The transcript indicates these records were out of state. This was denied. The insanity defense that the defense wished to present consisted solely of the testimony of the defendant.

A letter in the file from defendant indicates the defense should be based on defendant's psychiatric history and a factual defense that defendant characterized as bordering on the absurd. The record is clear that the idea of an insanity defense came from defendant and not his counsel, and that the idea was first raised by defendant on June 9, 1975, a week before trial.

The record shows that defense counsel considered but did not raise the insanity defense within the time provided by the rule because even with defendant's psychiatric history he had an insufficient basis for such a defense. When the defense was raised, out of time, it was to have a spurious factual basis. In these circumstances there was no error and no abuse of discretion. Accordingly, we need not specifically discuss the five items relied on by defendant.

Oral argument is unnecessary. The judgment and sentences are affirmed.

It is so ordered.

HENDLEY and LOPEZ, JJ., concur.