571 P.2d 421
**STATE of New Mexico,**
**Plaintiff-Appellant,**

v.

**Howard W. MURRAY, a/k/a Bill,**
**Defendant-Appellee.**

**No. 3180.**

Court of Appeals of New Mexico.

Sept. 20, 1977.

Rehearing Denied Oct. 3, 1977.

Certiorari Denied Nov. 4, 1977.

Toney Anaya, Atty. Gen., Ernesto J. Romero, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

William C. Marchiondo, Marchiondo & Berry, P. A., Albuquerque, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

In March, 1976, defendant was charged with two counts of murder and six counts of assault upon a peace officer. After extensive evidentiary hearings, on April 1, 1977, the trial court ruled, as a matter of law, that defendant was insane at the time of the incidents charged. The State appealed to the Supreme Court. On August 23, 1977 the Supreme Court transferred the appeal to this Court. The propriety of the trial court's order involves: (1) authority of the trial court to decide the matter; (2) the point in the proceedings when the matter was decided; (3) the legal basis for the decision; and (4) whether the legal basis was met.

*Authority of the Trial Court to Decide*

Defendant moved to dismiss the indictment, alleging that he was insane as a matter of law. Rule of Crim. Proc. 35(a)(2) is the rule involved. The applicable portion reads:

> "When the defense of 'not guilty by reason of insanity at the time of commission of an offense' is raised, the issue shall be determined in nonjury trials by the court and in jury trials by a special verdict of the jury."

Because the charges against defendant had been scheduled for jury trial, see Rule of Crim. Proc. 38, the State asserts that the issue of defendant's sanity was to be determined by a jury and that the trial court had no authority to decide defendant's motion. This oversimplifies the procedure under Rule of Crim. Proc. 35(a)(2). "The problem of determining whether there is sufficient evidence of insanity to permit the jury to consider it as a factual question is, in the first instance, a question of law for the court." *State v. Valenzuela*, 90 N.M. 25, 559 P.2d 402 (1976). If the trial court determines the evidence is sufficient to raise an issue as to defendant's sanity, ordinarily, the issue is submitted to the jury for decision. However, there may be instances where the evidence is so clear that the trial court may rule, as a matter of law, that defendant was insane. *State v. Wilson*, 85 N.M. 552, 514 P.2d 603 (1973); *State v. Gardner*, 85 N.M. 104, 509 P.2d 871 (1973), cert. denied, 414 U.S. 851, 94 S.Ct. 145, 38 L.Ed.2d 100 (1973); see *State v. Moore*, 42 N.M. 135, 76 P.2d 19 (1938). Compare the procedure in connection with competency to stand trial. *State v. Noble*, 90 N.M. 360, 563 P.2d 1153 (1977).

The trial court had authority to decide the motion under *Wilson*, supra, and *Gardner*, supra.

*The Point in the Proceedings to Decide the Matter*

■ The trial court's decision came after evidentiary hearings on a pretrial motion. The State asserts the trial court was not authorized to decide the matter at this point in time. Inasmuch as insanity is a defense, see Rule of Crim. Proc. 35(a)(2), and inasmuch as a defendant must offer evidence tending to show his insanity, *State v. Wilson*, supra, and inasmuch as the question of insanity will ordinarily be a jury question, it will be an exceptional case where the trial court can properly decide the matter in advance of trial. However, because the trial court does have authority to rule a defendant insane as a matter of law, *State v. Wilson*, supra, *State v. Gard-ner*, supra, we cannot say that the trial court lacked authority to decide the matter at a pretrial hearing. We add that, in light of the requirements for deciding insanity as a matter of law, pretrial evidentiary hearings on a defendant's insanity will usually be an inefficient use of judicial time.

*The Legal Basis for Deciding Insanity as a Matter of Law*

■ *State v. Gardner*, states:

"[C]ases may arise where, *absent evidence to the contrary*, the defendant's evidence on the issue of insanity may be so clear and of such overpowering and persuasive force that reasonable minds can move only in the direction of a finding of insanity. In such a case, a court need not hesitate to rule on the issue as a matter of law." (Our emphasis.)

We have emphasized "absent evidence to the contrary" because if the evidence is conflicting, *Gardner*, supra, does not authorize the trial court to decide the question of insanity as a matter of law. Where the evidence is conflicting, the question of insanity is to be decided by the jury.

*State v. Wilson*, supra, states:

"Except in a case where the evidence of insanity is so clear as to require a directed verdict, i.e., the presumption of sanity is rebutted as a matter of law, the presumption abides with the state throughout the case and continues even after the defendant has made a sufficient showing to procure insanity instructions."

"In ruling on a motion for a directed verdict, the trial court must view the evidence, together with all reasonable inferences deducible therefrom, in the light most favorable to the party resisting the motion, and must disregard all conflicts in the evidence unfavorable to the position of that party." *Archuleta v. Pina*, 86 N.M. 94, 519 P.2d 1175 (1974). By requiring the evidence to be so clear as to "require" a directed verdict because the presumption of sanity has been rebutted as a matter of law, *State v. Wilson*, supra, means, at least, that insanity cannot be determined as a matter of law where the evidence is conflicting.

**156**

*Whether the Legal Basis was Met*

The trial court found as a fact:

"39. The testimony of Drs. Blake, Karp, and Levin was both clear and persuasive that the defendant was insane at the time of the incident and was suffering from alcoholic hallucinosis, a true disease of the mind. This testimony was so overpowering and persuasive that reasonable minds can move only in the direction of a finding of insanity."

"6. The Court finds as a matter of law, based on the evidence presented to the Court, that the defendant was insane at the time of the incident."

The finding is insufficient to support the legal conclusion. There was conflicting evidence on the question of defendant's insanity. Dr. Feierman's opinion was that there was an insufficient basis for arriving at an opinion of alcoholic hallucinosis at the time the offenses were committed. Dr. Feierman's opinion was that defendant was a sociopath who was intoxicated at the time the offenses were committed. In making the above-quoted finding, the trial court, in effect, weighed and rejected Dr. Feierman's testimony. This it was not permitted to do. Under *State v. Wilson*, supra, and *State v. Gardner*, supra, the evidence prevented a determination of insanity as a matter of law. Rather, it was a question of fact to be submitted to the jury.

Defendant would avoid this result by the contention that the motion hearing was in effect a nonjury trial. The colloquy between counsel and the court at the beginning of the first evidentiary hearing (there were three) shows that the motion hearing was not considered by either party as a nonjury trial.

The order dismissing the indictment is reversed. The cause is remanded for trial.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.