579 P.2d 179

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Jackie Ray YOUNG,**
**Defendant-Appellant.**

No. 3239.

Court of Appeals of New Mexico.

April 4, 1978.

Writ of Certiorari Denied May 9, 1978.

Janet E. Clow, Las Vegas, for defendant-appellant.

Toney Anaya, Atty. Gen., Roderick A. Dorr, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Convicted of three counts of aggravated burglary and three counts of criminal sexual penetration in the third degree, defendant appeals. There were three victims; there is a burglary and CSP conviction for each victim. We summarily answer all but one of the appellate contentions. The one contention to be discussed pertains to the defense of insanity at the time the offenses were committed.

*Issues Answered Summarily*

■ (a) Defendant claims the trial court erred in refusing to suppress his confession. The three contentions are based on a misreading of the testimony. The evidence does not show that defendant was not capable of making a voluntary statement. *State v. Chavez*, 88 N.M. 451, 541 P.2d 631 (Ct.App.1975). The evidence does not show that the confessions were induced by promises not to bring charges for a marijuana offense or to drop some charges against defendant's brother. See *State v. Aguirre*, 91 N.M. 672, 579 P.2d 798 (Ct.App. decided March 14, 1978). The evidence does not show that defendant requested to see an attorney during his interrogation. See *State v. Word*, 80 N.M. 377, 456 P.2d 210 (Ct.App.1969). There is substantial evidence that the confessions were voluntary.

■ (b) Defendant asserts the trial court erred in refusing to direct a verdict as to the charges involving the second victim, because the victim testified that defendant was not the offender. The victim's testimony established the corpus delicti, that the offenses occurred. Defendant confessed that he committed the offenses. Defendant's confession showed knowledge of details of the offenses unknown to the police at the time of the confession. This knowl-edge was consistent with details to which the victim testified. Defendant has not been convicted on the basis of an uncorroborated confession. *State v. Nance*, 77 N.M. 39, 419 P.2d 242 (1966), cert. denied, 386 U.S. 1039, 87 S.Ct. 1495, 18 L.Ed.2d 605 (1967); *State v. Gruender*, 83 N.M. 327, 491 P.2d 1082 (Ct.App.1971).

■ (c) Defendant contends he cannot be sentenced for aggravated burglary and for CSP in connection with offenses against the first and third victims. The burglaries were aggravated because of batteries committed by defendant after his unlawful entry. Section 40A–16–4(C), N.M.S.A. 1953 (2d Repl. Vol. 6). Defendant asserts these batteries were the force used in committing the CSP offenses. Section 40A–9–21(C), N.M.S.A. 1953 (2d Repl. Vol. 6, Supp. 1975). Because this "same evidence" was used for both offenses, he claims that the aggravated burglary convictions are improper. This argument overlooks the following facts: (1) the aggravated burglary and the CSP offenses each required proof of facts which the other did not, and (2) neither offense necessarily involved the other. There was no double jeopardy violation and no merger. *State v. Sandoval*, 90 N.M. 260, 561 P.2d 1353 (Ct.App.1977).

■ (d) Additional issues listed in the docketing statement, but not briefed, were abandoned. *State v. Sandoval*, supra.

*Defense of Insanity*

After the prosecution rested its case-in-chief, defendant tendered the testimony of a clinical psychologist concerning defendant's insanity at the time the offenses were committed. The trial court excluded the tendered testimony. Defendant contends this was error.

The tendered testimony was excluded on two grounds.

■ One ground was that the tendered testimony did not present an issue as to defendant's insanity. See *State v. Murray*, 91 N.M. 154, 571 P.2d 421 (Ct.App.1977). This ruling was incorrect. The tender was

to the effect that defendant was suffering from a mental disease and, as a result of this disease, was incapable of preventing himself from committing the CSP offenses charged. While this tender did not go to the burglaries, it raised an insanity issue as to the sex crimes. *State v. Hartley*, 90 N.M. 488, 565 P.2d 658 (1977).

The second ground for excluding the tendered testimony was "that all of this is not timely". This ruling was correct.

 Defendant was arraigned on March 14, 1977. On March 15, 1977 defendant moved "that the Court order a mental examination of the Defendant before making any determination of competency under said Rule 35." This motion gave no notice of an insanity defense. *State v. Silva*, 88 N.M. 631, 545 P.2d 490 (Ct.App.1976). No notice of an insanity defense was given within 20 days after defendant was arraigned.

The trial court granted the motion for a mental examination. Its order transferred defendant to the penitentiary, for a period of not less than 40 nor more than 60 days, for examinations to determine whether defendant was insane at the time the offenses were committed and whether defendant was competent to stand trial. This order was filed March 15, 1977. The time provided in the order was not met. The report concerning defendant's competency was not issued until July 14, 1977.

A hearing on pretrial motions was held on July 28, 1977. At that hearing, the report was introduced into evidence "[f]or this hearing only" in connection with defendant's motion to suppress. No issue as to defendant's insanity was raised at this hearing, and no insanity issue was raised at any time prior to the trial.

In attempting to raise an insanity defense *for the first time*, after the prosecution rested its case-in-chief, defendant relied on Rule of Crim. Proc. 35(a)(1) and (b).

The language in Rule of Crim. Proc. 35(b), relied on by defendant, reads: "Whenever it appears . . . at any stage of a criminal proceeding that there is a question as to the mental competency of a defendant to stand trial, any further proceeding in the cause shall be suspended" until the issue is determined. This language is not applicable; no issue was raised as to defendant's competency to stand trial.

Rule of Crim. Proc. 35(a)(1) requires notice of the insanity defense within 20 days after arraignment "unless upon good cause shown the court waives the time requirement of this rule." Defendant's "good cause" argument was that a paragraph in the report of July 14, 1977 suggested a possible insanity defense, that he was unable to contact the psychologist who issued the report until August 1, 1977, the day before trial, and when he did contact the psychologist he learned for the first time that the psychologist would testify as to defendant's insanity in connection with the CSP offenses.

Accepting the "good cause" argument as true, it shows that defendant knew of the insanity defense the day before trial but raised no issue concerning this defense until after the prosecutor rested its case-in-chief. The trial court's ruling as to timeliness must be considered in light of this fact.

The prosecution would have been prejudiced by allowing the insanity defense to be raised, for the first time, after the prosecution had rested. Notice of the defense came too late for the prosecution to prepare to meet it. There was no abuse of discretion in excluding the tendered testimony. *State v. Silva*, supra.

The judgment and sentences are affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.