594 P.2d 347

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Ray D. MARES, Defendant-Appellee.**

**No. 3758.**

Court of Appeals of New Mexico.

April 5, 1979.

Writ of Certiorari Denied May 2, 1979.

Jeff Bingaman, Atty. Gen., Jacob G. Vigil, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Ernesto J. Romero, Gary V. Stone, Albuquerque, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

Defendant, identified as a sheriff's department peace officer, was charged with the unlawful touching or application of force with intent to injure, by use of a firearm. This was a charge of aggravated battery, with firearm enhancement. Sections 30-3-5 and 31-18-4, N.M.S.A.1978. At a pretrial hearing, the trial court granted defendant's motion to dismiss. The State appealed. We reverse, discussing: (1) propriety of the pretrial ruling, and (2) double jeopardy.

*Propriety of the Pretrial Ruling*

Defendant's motion was entitled: "MOTION TO DISMISS INDICTMENT FOR FAILURE TO STATE A CRIME." The motion pointed out that aggravated battery required an " 'unlawful' " action. The motion alleged that defendant was at all times "in the lawful discharge" of his duties as a peace officer and "therefore, as a matter of law, the acts constituting the factual basis for the indictment herein were lawful and the prosecution . . . cannot lie." The motion asked for an evidentiary hearing. See Rule of Crim.Proc. 33(g).

Over the prosecutor's objection, the trial court conducted an evidentiary hearing. The trial court's order "finds and concludes as a matter of law, that Defendant was at all times in the lawful performance of his duties and responsibilities as a commissioned peace officer and acting within the scope of his appointed duties . . . ." The trial court ordered the indictment dismissed on the basis that it "fails to state a crime, because at all times material hereto Defendant's acts, relied upon . . . to show guilt . . . on the part of the Defendant, were lawful acts . . . ."

█ The contention, that the indictment failed to charge a crime, is frivolous. The indictment complied with the requirements of Rule of Crim.Proc. 5(d).

Defendant's motion sought a pretrial ruling on a factual question—the lawfulness of defendant's action in shooting the victim. The trial court decided this factual question. In deciding this question the trial court erred in two ways.

Rule of Crim.Proc. 33(d) states: "Any defense, objection or request which is capable of determination without a trial on the merits may be raised before trial by motion."

When is a matter capable of determination without a trial on the merits? *United States v. Covington*, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969) states: "A defense is thus 'capable of determination' if trial of the facts surrounding the commis-

sion of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Gulf Oil Corp.,* 408 F.Supp. 450 (W.D.Pa.1975) states that a motion to dismiss "must not attempt to contradict the material allegations of the indictment. This, the Court believes, is the holding of *United States v. Covington, supra* . . . ."

Examples of matters which can be determined prior to trial are unkept promises made on behalf of the prosecution, *State v. Session,* 91 N.M. 381, 574 P.2d 600 (Ct.App. 1978), and deprivation of the right to counsel, see *State v. Allen,* 91 N.M. 759, 581 P.2d 22 (Ct.App.1978). Rule of Crim.Proc. 18 contemplates that a defense motion to suppress evidence is to be made in advance of trial. See *State v. Blea,* 92 N.M. 269, 587 P.2d 47 (Ct.App.1978). The facts of the crime are not involved in these matters.

■ The lawfulness of defendant's action, in shooting the victim, does involve the facts of the crime. Defendant's claim of lawfulness contradicts the indictment allegation of unlawfulness. In deciding the lawfulness of defendant's action in advance of trial, the trial court violated Rule of Crim.Proc. 33(d) because lawfulness was not capable of determination without a trial on the merits. See *United States v. Knox,* 396 U.S. 77, 90 S.Ct. 363, 24 L.Ed.2d 275 (1969); *People v. Thomas,* 74 Misc.2d 6, 343 N.Y. S.2d 1010 (1973). *State v. Murray,* 91 N.M. 154, 571 P.2d 421 (Ct.App.1977) is not inconsistent with this holding because *Murray* involves the special rules applicable to the question of insanity at the time of the offense.

The trial court's first error was in deciding, in advance of trial, a question involving the facts of the crime. Its second error was in deciding a question which was for the jury to decide.

■ *State v. First Judicial Dist. Court,* 52 N.M. 28, 191 P.2d 334 (1948) points out that trial by jury is the normal and, in most instances, the preferable mode of disposing of issues of fact in criminal cases alleging felonies; that maintenance of the jury as the fact-finding body in felony cases is of great importance and is to be jealously guarded. Consistent with this view, waiver of the right to jury trial by a defendant requires the consent of the prosecutor and the approval of the trial court. Rule of Crim.Proc. 38; *State v. First Judicial Dist. Court,* supra.

■ The limited authority of the trial court to usurp the jury's fact-finding function in felony trials is illustrated by cases involving mental capacity. The trial court may determine the question of competency to stand trial only when there is no reasonable doubt as to competency. *State v. Noble,* 90 N.M. 360, 563 P.2d 1153 (1977); see *State v. Lopez,* 91 N.M. 779, 581 P.2d 872 (1978). The trial court may determine the question of insanity at the time of the offense only when there is no conflicting evidence on the insanity issue. *State v. Murray,* supra.

The limited authority of the trial court to decide factual questions concerning the lawfulness of the actions of a peace officer has been decided. The reasonableness of an officer's action is a jury question; the question of reasonableness is to be taken from the jury only when "the minds of reasonable men could not differ . . . ." *Alaniz v. Funk,* 69 N.M. 164, 364 P.2d 1033 (1961); see *State v. Vargas,* 42 N.M. 1, 74 P.2d 62 (1937); compare *Mead v. O'Connor,* 66 N.M. 170, 344 P.2d 478 (1959).

The trial court called upon the prosecutor, at the pretrial motion hearing, to present the prosecution evidence on the lawfulness of defendant's shooting of the victim. The prosecutor properly declined to do so, pointing out that the matter could not be decided in a pretrial motion hearing. The trial court decided the question of lawfulness on the basis of defendant's testimony. The prosecutor's position as to the evidence was "that we have eye witness [sic] testimony . . . to show what occurred in this case. It is that the officer fell, became enraged and shot the man." Compare *Mead v. O'Connor,* supra. If, when required to present its evidence, see Rule of Crim.Proc. 40, the prosecution presented evidence supporting its position, the trial

court could not have properly decided the question because it would have been a matter to be decided by the jury.

The trial court could not properly decide the question of lawfulness either in advance of trial or at trial, absent a waiver of the right to have the jury determine the facts, or absent prosecution evidence on the question of lawfulness. Because of the trial court's limited role in deciding factual questions in this felony case, its decision concerning lawfulness was error because it usurped the jury's function to decide the facts.

*Double Jeopardy*

Although the trial court erred in deciding the question of lawfulness in a pretrial proceeding, defendant asserts this Court may not review the propriety of the lawfulness ruling by the trial court. In addition to ruling that defendant's action was lawful, the trial court ruled "[t]hat the Defendant is not guilty . . . ." Defendant asserts we have no authority to review an acquittal, see § 39–3–3(B), N.M.S.A.1978, even when the acquittal was erroneous.

■ The State's right of appeal is governed by statute. *State v. Ashcroft,* 32 N.M. 209, 252 P. 1001 (1927). Section 39–3–3(B)(1), supra, authorizes an appeal from an order dismissing an indictment. The trial court dismissed the indictment. However, § 39–3–3(C), supra, states that no appeal shall be taken when the Double Jeopardy Clause of the federal or state Constitutions prohibits further prosecution. If the Double Jeopardy Clause is applicable, we cannot review an acquittal, even if the acquittal was erroneous. See *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977).

■ The trial court's acquittal ruling does not, however, answer the double jeopardy question. If the acquittal ruling was in a proceeding in which defendant was not in jeopardy, the acquittal rule is not applicable. *Serfass v. United States,* 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975) explains:

Although articulated in different ways by this Court, the purposes of, and the policies which animate, the Double Jeopardy Clause . . . are clear. "The constitutional prohibition against 'double jeopardy' was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense. . .
\* \* \* "

As an aid to the decision of cases in which the prohibition of the Double Jeopardy Clause has been invoked, the courts have found it useful to define a point in criminal proceedings at which the constitutional purposes and policies are implicated by resort to the concept of "attachment of jeopardy." . . . In the case of a jury trial, jeopardy attaches when a jury is empaneled and sworn. . . . In a nonjury trial, jeopardy attaches when the court begins to hear evidence. . . . The Court has consistently adhered to the view that jeopardy does not attach, and the constitutional prohibition can have no application, until a defendant is "put to trial before the trier of the facts, whether the trier be a jury or a judge." . . .

Under our cases jeopardy has not yet attached when the District Court granted petitioner's motion to dismiss the indictment. Petitioner was not then, nor has he ever been, "put to trial before the trier of facts." The proceedings were initiated by his motion to dismiss the indictment. Petitioner had not waived his right to a jury trial, and, of course, a jury trial could not be waived by him without the consent of the Government and of the court. . . . In such circumstances, the District Court was without power to make any determination regarding petitioner's guilt or innocence. . . . At no time during or following the hearing on petitioner's motion to dismiss the indictment did the District Court have jurisdiction to do more than grant or deny that motion, and neither before nor after the ruling did jeopardy attach.

The proceedings in this case were on defendant's motion to dismiss the indictment. There had been no waiver of jury trial. The trial court "was without power" to make any determination regarding defendant's guilt or innocence. Defendant was not put to trial before the trier of facts by the motion hearing initiated by defendant. Defendant was not in jeopardy at the motion hearing. The dismissal "was prior to a trial that the Government had a right to prosecute and that the defendant was required to defend. . . . [I]n such cases a trial following the Government's successful appeal of a dismissal is not barred by double jeopardy . . . ." *United States v. Sanford,* 429 U.S. 14, 97 S.Ct. 20, 50 L.Ed.2d 17 (1976).

The order dismissing the indictment is reversed. The cause is remanded with instructions to reinstate the case on the trial docket.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.