482 P.2d 61

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Roy Horace ARMSTRONG, Defendant-Appellant.**

**No. 9128.**

Supreme Court of New Mexico.

March 8, 1971.

Stephen F. Grover, Farmington, for defendant-appellant.

David L. Norvell, Atty. Gen., Richard J. Smith, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

TACKETT, Justice.

Defendant was charged by information dated June 28, 1968, in the District Court of San Juan County, New Mexico, of the crime of first degree murder. Pending arraignment, defendant was transferred to the New Mexico State Penitentiary as a parole violator. On January 29, 1969, defendant was transferred to the New Mexico State Hospital for psychiatric evaluation and treatment. Defendant was given a hearing to determine his competency to stand trial, and on February 14, 1969, the court found defendant mentally incompetent to stand trial. He remained in the State Hospital until April 3, 1970, when a second competency hearing was held. After the hearing, the court entered an order declaring the defendant competent to stand trial. Defendant was tried by jury on April 22, 1970, convicted of first degree murder, and sentenced to life imprisonment. Defendant appeals. We affirm.

In point I, it is contended that the court erred in finding defendant competent to stand trial. It is well established in New Mexico that the defendant in a criminal case has the burden of proving, by a preponderance of the evidence, that he is too mentally unsound to stand trial. State v. Garcia, 80 N.M. 466, 457 P.2d 985 (1969). The test, as to whether the accused is competent to stand trial, is:

"'Has the defendant capacity to understand the nature and object of the proceedings against him, to comprehend his own condition in reference to such proceedings, and to make a rational defense?'"

State v. Upton, 60 N.M. 205, 290 P.2d 440 (1955). In the instant case, a detailed hearing was held to determine defendant's competency. Dr. Thomas Lowry, director of psychiatry at the New Mexico State Hospital, testified that defendant was legally sane and able to stand trial. Since all of the medical testimony indicates that defendant was mentally competent to stand trial, the court did not err in so ruling. State v. Ortega, 77 N.M. 7, 419 P.2d 219 (1966).

Defendant's second point contends that the court erred in admitting his confession into evidence. Essentially, the contention hinges on the requisite voluntariness of the confession. State v. Fagan, 78 N.M. 618, 435 P.2d 771 (Ct.App.1967), correctly states the rule as quoted from the United States Supreme Court decision in Culombe v. Connecticut, 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037 (1961):

"The ultimate test remains that which has been the only clearly established test in Anglo-American courts for two

**360**

hundred years: the test of voluntariness. Is the confession the product of an essentially free and unconstrained choice by its maker? If it is, if he has willed to confess, it may be used against him. * * *."

It is apparent that the trial court fully performed its preliminary duty of inquiring into the voluntariness of the confession prior to submitting it to the jury. Pece v. Cox, 74 N.M. 591, 396 P.2d 422 (1964). The trial court then submitted the confession to the jury under proper instructions, which imposed upon the jury the duty to determine the credibility of the testimony respecting the voluntariness and the mental capacity of the defendant to make a confession.

Defendant's point III contends that "The State failed to prove the sanity of the defendant beyond a reasonable doubt and therefore failed to prove a necessary element of the crime." It is clear that the sanity of the defendant was a necessary element of the crime and if not proved, the State's case must fail. In State v. Lopez, 80 N.M. 599, 458 P.2d 851 (Ct.App.1969), we find:

"One accused of a crime is presumed to be sane. However, if the defendant introduces competent evidence reasonably tending to support insanity at the time of the alleged offenses then an issue .is raised as to the mental condition of the accused. It then becomes the duty of the jury to determine the issue from the evidence independent of the presumption of sanity. However, if the jury disbelieves the evidence as to defendant's claimed insanity, then the presumption stands. * * *"

The court's instruction No. 2 imposed the duty upon the jury to "determine * * * whether or not the defendant was sane or insane at the time of the commission of said offense." The jury found that the defendant was sane and its finding shall stand.

In defendant's point IV, it is contended that "There was insufficient evidence for the jury to make a finding of guilty." In the recent case of Groff v. Stringer, 82 N.M. 180, 477 P.2d 814 (1970), we discussed substantial evidence in depth and determined that the well established rule is that "where there is substantial evidence to support the findings of the trial court they will not be disturbed on appeal." See, Stewart v. Barnes, 80 N.M. 102, 451 P.2d 1006 (Ct.App.1969). Substantial evidence is "relevant evidence acceptable to a reasonable mind." Groff v. Stringer, supra; Martinez v. Trujillo, 81 N.M. 382, 467 P.2d 398 (1970).

"* * * Further, * * * we do not lightly overturn the judgment of the trial court and must search the record for substantial evidence to support its findings. * * *"

Groff v. Stringer, supra; Rutledge v. Johnson, 81 N.M. 217, 465 P.2d 274 (1970). This has been done. Appellant's contention is without merit.

The judgment is affirmed.

It is so ordered.

McMANUS and STEPHENSON, JJ., concur.