580 P.2d 489

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Leroy Joe SANTILLANES, Defendant-Appellant.**

**No. 3394.**

Court of Appeals of New Mexico.

May 16, 1978.

722

William A. L'Esperance, Pojoaque, for defendant-appellant.

Toney Anaya, Atty. Gen., Santa Fe, Charlotte Hetherington Roosen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant's appeal from his shoplifting conviction presents procedural questions involving his competency to stand trial after having been determined to be incompetent. The procedural problems go beyond the procedure outlined in *State v. Noble,* 90 N.M. 360, 563 P.2d 1153 (1977). We discuss: (1) redetermination of competency; (2) burden of going forward with evidence; and (3) burden of persuasion and instruction on incompetency. We do not discuss the admissibility of defendant's statement which the trial court refused to suppress. The standard for determining defendant's mental capacity to make the statement is stated in *State v. Chavez,* 88 N.M. 451, 541 P.2d 631 (Ct.App.1975); the standard for determining voluntariness and an intelligent waiver is discussed in *State v. Burk,* 82 N.M. 466, 483 P.2d 940 (Ct.App.1971), cert. denied, 404 U.S. 955, 92 S.Ct. 309, 30 L.Ed.2d 271 (1971).

*Redetermination of Competency*

A hearing to determine defendant's competency to stand trial was held May 6, 1977. The uncontradicted evidence was that defendant was not competent to stand trial. On June 9, 1977 orders were entered (a) holding that defendant was incompetent to stand trial and (b) directing that defendant be transported to the State Hospital under a civil commitment.

Prior to the competency hearing, defendant had moved that the charges be dismissed because he was incompetent. De-

fendant asserts that once a determination of incompetency was made by the trial court, it was error to refuse to dismiss the charges. We disagree. The determination in May, 1977 that defendant was incompetent to stand trial was not conclusive that defendant would continue to be incompetent to stand trial. *State v. Folk,* 56 N.M. 583, 247 P.2d 165 (1952). Both Rule of Crim.Proc. 35(b) and § 41–13–3.1, N.M.S.A. 1953 (2d Repl. Vol. 6) provide that the question can be "redetermined".

In July, 1977 the State moved for a redetermination based upon new evidence. An evidentiary hearing was held on this motion on August 1, 1977. The evidence at this hearing was conflicting. At the conclusion of this hearing, the trial court stated it "cannot determine . . . beyond a reasonable doubt whether Mr. Santillanes is or is not competent to stand trial". The trial court ruled that the competency issue should be decided by a jury.

■ Defendant contends the trial court's ruling was wrong in three ways. First, ignoring the case law, he asserts that the question of competency should have been decided by the trial court rather than ruling the question was to be decided by the jury. The trial court's ruling, under the evidence, accords with the procedure outlined in *State v. Noble,* supra.

■ Second, defendant contends that, having once been determined to be incompetent, the quantum of proof required for competency was proof beyond a reasonable doubt. The proof required for incompetency has consistently been held to be proof by a preponderance of the evidence. *State v. Armstrong,* 82 N.M. 358, 482 P.2d 61 (1971); *State v. Ortega,* 77 N.M. 7, 419 P.2d 219 (1966). This same quantum of proof applies to a redetermination of competency.

Third, defendant claims the State had the burden of proof to show that defendant was competent to stand trial. We discuss this claim in the subsequent issues.

*Burden of Going Forward with Evidence*

■ When a defendant advances the contention that he is incompetent to stand tri-

al, he has the burden of proving his claim by a preponderance of the evidence. *State v. Armstrong,* supra. Defendant met this burden in this case; there had been a judicial determination of incompetency. Once such a judicial determination has been made, upon a redetermination of the question, who has the burden of proving that defendant is competent to stand trial?

■ *State v. Folk,* supra, uses "insanity" in discussing competency to stand trial. It states:

> [T]he prior adjudication of insanity . . . raised a presumption that the defendant was insane. This presumption may be rebutted, but until that has been done, he cannot be found either guilty or innocent of the crime charged.

This presumption of incompetency is consistent with the presumption of continuing insanity at the time the offense was committed. See, Annot., 27 A.L.R.2d (1953), § 10, page 150.

*State v. Folk,* supra, states the presumption of incompetency may be rebutted, but until the presumption is rebutted, defendant cannot be found either guilty or innocent. Inasmuch as defendant has the benefit of the presumption, it is the State which had the burden of going forward with evidence to show that defendant was competent to stand trial. See *Hartford Fire Insurance Company v. Horne,* 65 N.M. 440, 338 P.2d 1067 (1959); *Payne v. Tuozzoli,* 80 N.M. 214, 453 P.2d 384 (Ct.App.1969). Compare the burden on defendant to introduce evidence tending to show insanity, in opposition to the presumption of sanity. *State v. Wilson,* 85 N.M. 552, 514 P.2d 603 (1973). The State met its burden of going forward with evidence. After hearing the evidence, the trial court properly ruled that the matter should be decided by the jury.

*Burden of Persuasion and Instruction on Incompetency*

The status of the incompetency issue at trial was that the order holding defendant incompetent to stand trial remained in ef-

fect; however, the trial court did rule the jury was to redetermine this issue. In this posture of the case, to meet the presumption of incompetency, the State had the burden of going forward with evidence to rebut the presumption.

U.J.I. Crim. 41.01 states that no instruction is to be given on competency to stand trial. In holding that the issue must be submitted to the jury where there is reasonable doubt as to competency, *State v. Noble,* supra, modified U.J.I. Crim. 41.01. We are informed that amendments to Rule of Crim.Proc. 35(b) and U.J.I. Crim. 41.01, to be effective July 1, 1978, provide for such a jury instruction. Thus, we are not concerned here with a conflict between *State v. Noble,* supra, and U.J.I. Crim. 41.01.

Our concern is with the instruction given by the trial court. It states:

It is the defendant's burden to prove that he is incompetent to stand trial.

Is this instruction correct? In this case, no!

Statements similar to this instruction appear in *State v. Armstrong,* supra, and U.J.I. Crim. 41.01. In *Armstrong,* supra, the trial court had modified its ruling that defendant was incompetent; at the second or redetermination hearing, the trial court ruled that defendant was competent. In this case, the judicial determination of incompetency remains in effect; all the trial court did at the second hearing was to rule that the redetermination was to be made by the jury. U.J.I. Crim. 41.01 does not cover the situation where there is an existing ruling that the defendant is incompetent, and incompetency is to be redetermined by the jury.

Under *State v. Folk,* supra, the presumption of incompetency continues until it has been rebutted by the State. A similar continuing presumption applies when there has been a determination that a defendant was insane at the time of the offense. 27 A.L.R.2d, supra, § 11, page 152, states:

[W]here the presumption of sanity is displaced by the presumption of continuing insanity, most courts are agreed that the burden of proof is shifted, and that the state is under the onus of demonstrating, by evidence, that at the time in question the defendant was not insane.

This shifted burden of proof is the burden of persuasion. The State has the burden of persuading the fact finder that defendant was not insane at the time of the offense; a similar burden is upon the State of persuading the fact finder (in this case, the jury) that defendant was competent to stand trial.

Why?

(a) The procedures for determining sanity at the time of the offense and competency to stand trial are similar. See *State v. Murray,* 91 N.M. 154, 571 P.2d 421 (Ct.App. 1977). There is no reason for treating the presumption of continuing insanity differently from the presumption of continuing incompetency.

(b) Presumptions involving insanity are given an effect different from other presumptions. In the ordinary case, once "credible and substantial evidence which would support a finding is introduced to the contrary . . . [the presumption] then vanishes as though it had never existed". *Hartford Fire Insurance Company v. Horne,* supra; *Payne v. Tuozzoli,* supra. In insanity matters, however, "the presumption of sanity does not disappear and is not extinguished by evidence tending to show insanity." "[T]he state was not required to affirmatively prove sanity but could rather rely on the presumption." *State v. Wilson,* supra; see *State v. Lujan,* 87 N.M. 400, 534 P.2d 1112 (1975), cert. denied, 423 U.S. 1025, 96 S.Ct. 469, 46 L.Ed.2d 400 (1975). If the presumption favorable to the State is to be given an evidentiary effect, then an opposite presumption, favorable to defendant, is also to be given evidentiary effect.

(c) The State has the burden of going forward with evidence to rebut the presumption favorable to the defendant. Requiring the State to persuade the fact finder adds little to the State's burden. Since credible and substantial evidence is required to rebut the presumption, such evidence should be sufficient to persuade the

jury, under the preponderance of the evidence standard, that defendant was competent to stand trial. See Committee Comment to U.J.I. Civil 12.16.

(d) Since there has been a judicial determination of defendant's incompetency, with the result that defendant's incompetency is presumed, *State v. Folk,* supra, to require defendant to again prove his incompetency when such has not been redetermined, would deprive defendant of the benefit of that determination and the resulting presumption. However, defendant, like the State, is entitled to rely on the presumption. *State v. Wilson,* supra.

Once defendant has been determined to be incompetent at a redetermination of that issue, the burden is on the State, not only to produce evidence to rebut the presumption of incompetency, but to persuade the fact finder that defendant is competent to stand trial. The instruction placing the burden of proof upon defendant was erroneous.

Neither of the parties questioned the instruction given by the trial court; however, the instruction was fundamental error. Why? Defendant had been judicially determined to be incompetent; that determination had not been changed, but remained in effect. He could not be validly tried while that determination remained in effect. *State v. Folk,* supra; *State v. Tartaglia,* 80 N.M. 788, 461 P.2d 921 (Ct.App.1969). To require defendant to prove his incompetency a second time while the first determination of incompetency remains in effect, is fundamentally unfair because it would deprive defendant of the prior judicial determination. Compare *State v. Guy,* 79 N.M. 128, 440 P.2d 803 (Ct.App.1968).

The conviction is reversed, the cause is remanded for further proceedings.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.