581 P.2d 872

**STATE of New Mexico, Petitioner,**

v.

**Roger LOPEZ, Respondent.**

**No. 11942.**

Supreme Court of New Mexico.

July 26, 1978.

Toney Anaya, Atty. Gen., Sammy J. Quintana, Asst. Atty. Gen., Santa Fe, for petitioner.

Joan Friedland, Sante Fe, for respondent.

OPINION

PAYNE, Justice.

Defendant was convicted of burglary. He appealed the conviction, claiming the trial court erred in failing to submit to the jury the issue of whether he was competent to stand trial. The Court of Appeals reversed the decision and the State petitioned for writ of certiorari. We reverse the Court of Appeals and affirm the decision of the trial court.

■ Prior to trial, the defendant raised the issue of his competency to stand trial. A psychiatric examination was ordered by the court. The psychiatrist stated that in his expert opinion defendant was competent to stand trial. Four days before trial defendant moved for an additional psychiatric examination. He alleged that recent behavior changes raised new questions of competency. The court denied defendant's motion. On the day of trial defendant offered two witnesses who would testify as to the need for a further examination to determine defendant's competency. After hearing one of the witnesses, the trial judge reversed his earlier ruling and authorized the additional examination. The new examination was conducted by a different psychiatrist who testified that defendant was competent even though one of the tests administered showed a borderline result. The court then found defendant competent to stand trial and refused to submit the issue of competency to the jury. The jury found defendant guilty of the offense.

The Court of Appeals correctly stated that the trial judge's ruling was subject to review for abuse of discretion. *State v.*

**780**

*Noble*, 90 N.M. 360, 563 P.2d 1153 (1977). We hold that the trial court did not abuse its discretion.

■ The question of incompetency to stand trial is often compared with the defense of insanity. *State v. Santillanes*, 91 N.M. 721, 580 P.2d 489 (Ct.App.1978). In many respects they are similar. But they are different in one critical area. To rebut the presumption of sanity a defendant must only introduce some competent evidence to support the allegation of insanity. *State v. Hartley*, 90 N.M. 488, 565 P.2d 658 (1977); *State v. Roy*, 40 N.M. 397, 60 P.2d 646 (1936). The burden then shifts to the State to prove beyond a reasonable doubt that defendant was sane at the time the act was committed.

■ On the other hand, if the defendant claims incompetency to stand trial he must show by a preponderance of the evidence that he is not competent. *State v. Armstrong*, 82 N.M. 358, 482 P.2d 61 (1971); *State v. Ortega*, 77 N.M. 7, 419 P.2d 219 (1966). In this case it was the opinion of both psychiatrists that the defendant was competent to stand trial. The second psychiatrist admitted that defendant was in the borderline group, but still maintained that defendant was competent. Defendant also presented lay testimony that he was not capable of aiding his counsel.

In reviewing the present case the appellate court should only examine the evidence to determine whether the trial court abused its discretion. The reviewing court cannot substitute its judgment for that of the trial court. *Edington v. Alba*, 74 N.M. 263, 392 P.2d 675 (1964); *Rogers v. Lyle Adjustment Company*, 70 N.M. 209, 372 P.2d 797 (1962).

Viewing the evidence in the light most favorable to the trial court's decision we hold it did not abuse its discretion by finding that there was no reasonable doubt that defendant failed to meet his burden.

IT IS SO ORDERED.

McMANUS, C. J., and SOSA, EASLEY and FEDERICI, JJ., concur.