648 P.2d 348

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Guinn GROSS, Defendant-Appellant.**

**No. 5549.**

Court of Appeals of New Mexico.

June 8, 1982.

Rehearing Denied June 22, 1982.

Certiorari Denied July 19, 1982.

John B. Bigelow, Chief Public Defender, David Stafford, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Barbara F. Green, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WALTERS, Chief Judge.

Upon conviction of a third-degree felony of embezzlement over $2500, defendant was sentenced to three years' imprisonment, two years' parole thereafter, and payment of a $5,000 fine. That portion of the sentence was authorized by and in accordance with § 31–18–15B, C, and D, N.M.S.A.1978, in effect at the time the offense was committed. The court also ordered full restitution to the victims as a condition of parole, under the provisions of § 31–17–1, N.M.S. A.1978.

Defendant has briefed only his contention that the order of restitution was not authorized by law, abandoning the other issue raised in his docketing statement. *State v. Gonzales,* 96 N.M. 556, 632 P.2d 1194 (Ct. App.1981).

Section 31–17–1, *supra,* sets forth the policy in its subsection A "that restitution be made by each violator of the Criminal Code ... to the victims of his criminal activities" and that the law "shall be interpreted and administered to effectuate this policy." Subsection B provides, in part:

If the trial court exercises either of the sentencing options under Section 31–20–6 NMSA 1978 [deferment or suspension of any or all of the sentence], the court shall require as a condition of probation or parole that the defendant, in cooperation with the probation or parole officer assigned to the defendant, promptly prepare a plan of restitution, including a specific amount of restitution to each victim and a schedule of restitution payments.

Section 31–21–10D requires the parole board to require restitution as a condition of parole if the trial court invokes the provisions of § 31–17–1, *supra,* as a part of the inmate's sentence.

Defendant urges, and the State concedes, that § 31–17–1B, *supra,* permits the sentencing court to impose the requirement of restitution only if the options of deferment or suspension under § 31–20–6, *supra,* are applied to the defendant's sentence.

The State and defendant are mistaken. Section 31–17–1B, *supra,* makes it mandatory to require restitution when sentence is deferred or suspended; the court has no discretion in such instances. On the other hand, § 31–17–1A, *supra,* establishes New Mexico's policy as requiring that *each* violator make restitution, and directs the courts to interpret and administer the law in a manner that will enforce the policy. Subsection B contains no qualifying language limiting the application of the policy only to those cases in which sentence is suspended or deferred. If the statute is ambiguous in any respect and requires interpretation—and we are not deciding that it is ambiguous—we would interpret Subsection B to allow an order of restitution as a part of the sentence in all criminal convictions, but to absolutely require it when the

trial court exercises the discretion permitted by § 31–20–6, *supra*. The intent of the statute as expressed by the legislature will be given effect by the courts. *Arnold v. State*, 94 N.M. 381, 610 P.2d 1210 (1980).

The judgment and sentence are AFFIRMED.

WOOD and LOPEZ, JJ., concur.