This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                      **NO. 28,657**

**MARSHALL JACKSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**

Gary K. King, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant, Marshall Jackson, appeals his conviction for felon in possession of a firearm, and resisting, evading, or obstructing an officer. Defendant's sole argument on appeal is that his conviction was improper because the district court erred in finding that he was competent to stand trial. Finding evidence to support the district court's determination of competency, we affirm.

**BACKGROUND**

Defendant was arrested in December 2006 on charges of resisting, evading or obstructing an officer, possession of a firearm by a felon, and possession of a controlled substance. Upon Defendant's motion, the district court ordered a psychological evaluation at Parsons' Psychological Services to determine Defendant's competency to stand trial. Dr. Will Parsons appeared telephonically as an expert witness at Defendant's competency hearing. Dr. Parsons testified that his assistant conducted the actual evaluation of Defendant, and rendered an ultimate opinion that Defendant was not competent to stand trial. After hearing Dr. Parsons' testimony in support of this opinion, the district court found Defendant competent to stand trial. The State dismissed the charge of possession of a controlled substance, but Defendant was tried and convicted of the remaining two charges and sentenced to twelve months in jail.

At the competency hearing, Dr. Parsons testified that Defendant's performance on two mental screening exams "indicate[d] moderate levels of cognitive impairment." Dr. Parsons also testified that Defendant had a full scale IQ of sixty, which indicates extremely low intellectual functioning, and significant cognitive disability consistent with a diagnosis of mental retardation.

Defendant also underwent testing to determine whether Defendant was malingering. Defendant's performance on this test indicated signs of malingering: Defendant scored thirty-seven, and any score below forty-five indicates malingering. Dr. Parsons did however point out that the clinical observations of Defendant indicated that Defendant was actually putting forth his best effort. In addition, Defendant performed well on the Georgia Court Competency test by pointing out six courtroom actors, which would also indicate that Defendant was not malingering.

Dr. Parsons testified that Defendant demonstrated strengths in his understanding of the trial process and understood the roles of courtroom participants, including the role of the judge, district attorney, and his defense attorney, but that given his low intellectual function, he would have difficulty consulting with his attorney and did not fully appreciate the nature and significance of the charges against him. However, Defendant knew what he was charged with, could recall incidents and other charges against him and give alternative explanations which could have helped

demonstrate his innocence, and understood that he violated his probation by not wearing his ankle bracelet. The results of one of Defendant's exams also demonstrated that Defendant's thinking was "goal oriented and coherent."

**DISCUSSION**

**The District Court did not Err in Finding Defendant Competent to Stand Trial**

The issue of a defendant's competency to stand trial is "determined by the judge, unless the judge finds there is evidence which raises a reasonable doubt as to the defendant's competency to stand trial." Rule 5-602(B)(2) NMRA. If such a reasonable doubt is raised prior to trial, "the court shall order the defendant to be evaluated as provided by law." Rule 5-602(B)(2)(a). After receiving such an evaluation, "the court, without a jury, may determine the issue of competency to stand trial; or, in its discretion, may submit the issue of competency to stand trial to a jury." *Id.* Here, upon Defendant's motion, the district court ordered a forensic evaluation to determine Defendant's competency to stand trial. After considering the results of this evaluation, the district court, without a jury, determined that Defendant was competent to stand trial.

Defendant is presumed to have been competent to stand trial. *State v. Rael*, 2008-NMCA-067, ¶ 6, 144 N.M. 170, 184 P.3d 1064. In order to overcome the presumption of competence, Defendant was required to show by a preponderance of

the evidence, *see id.*, that he did not understand "the nature and significance of the proceedings," that he did not have a factual understanding of the charges, and that he was not "able to assist his attorney in his defense." *State v. Duarte*, 1996-NMCA-038, ¶ 15, 121 N.M. 553, 915 P.2d 309 (internal quotation marks and citation omitted). On review of a district court's determination of competence to stand trial, an appellate court should examine the evidence only to determine whether the district court abused its discretion in finding that the defendant failed to rebut the presumption of competence. *State v. Lopez*, 91 N.M. 779, 780, 581 P.2d 872, 873 (1978). In reviewing a determination of competency to stand trial, there is no abuse of discretion where the determination is supported by substantial evidence. *State v. Nelson*, 96 N.M. 654, 657, 634 P.2d 676, 679 (1981). The reviewing court cannot substitute its judgment for that of the trial court, and evidence is viewed in a light most favorable to the decision below. *Lopez*, 91 N.M. at 780, 581 P.2d at 873.

Defendant first challenges the standard of review applied to appeals of a determination of competency to stand trial. Citing to out of state authority, Defendant suggests that instead of an abuse of discretion standard, a de novo standard of review should be applied to questions of competency. Defendant argues that the question of competency is a mixed question of law and fact having direct constitutional repercussions. However, this Court is bound by the New Mexico Supreme Court's

holding in *Lopez*, as well as subsequent cases applying an abuse of discretion standard to questions of competence to stand trial. *See Prot. & Advocacy Sys. v. City of Albuquerque*, 2008-NMCA-149, ¶ 49, 145 N.M. 156, 195 P.3d 1 (stating that we are bound by Supreme Court precedent). The most recent analogy is found in *Rael*.

In *Rael*, the defendant moved for and was ordered to undergo a psychological evaluation to determine his competency to stand trial. 2008-NMCA-067, ¶ 2. At the competency hearing, expert testimony was entered that the defendant had an IQ of sixty-eight, that he met the criteria for a diagnosis of mental retardation, and that he was not competent to stand trial. *Id.* ¶ 7. The district court nonetheless found the defendant competent to stand trial where

> the [d]efendant (1) was able to identify six of seven courtroom participants when he was shown a picture of a typical courtroom; (2) knew that witnesses would testify as to what happened; and (3) understood that the defense attorney worked for him, that he should tell her what he remembered about the incident, and that he should tell her if he did not understand something.

*Id.* ¶ 15. Additional evidence of the defendant's ability to otherwise function regularly in society indicated that although the defendant had significant limitations, he was competent to stand trial. *Id.* On appeal, we concluded that the district court did not abuse its discretion, and noted that the district court "may reject expert testimony, even when the opposing party has not countered with expert testimony of its own." *Id.* ¶ 8.

6

As in *Rael*, even though Dr. Parsons believed that Defendant was incompetent, there are several bases for the district court to have concluded otherwise in this case, including: (1) exam results indicating that Defendant was malingering, (2) Defendant's understanding of the roles of courtroom participants including the role of his defense attorney, (3) his understanding of the charges against him, and (4) test results indicating that Defendant's thinking was actually goal oriented and coherent. Although Defendant has a low IQ, this fact is not determinative of competency to stand trial. *See id.* ¶ 16. Furthermore, as in *Rael*, the district court was free to reject Dr. Parsons' expert opinion, and such rejection was not arbitrary where, as here, some of the evidence contradicted the expert opinion. Finally, Defendant raises the competency question in the context of Defendant's ability to waive constitutional rights, but Defendant does not raise any argument that he actually waived any rights or that waivers were made unknowingly or unintelligently. Accordingly, substantial evidence supports the determination of the district court, and the district court did not abuse its discretion in finding that Defendant failed to rebut the presumption of competency.

**CONCLUSION**

For the foregoing reasons, we affirm the district court's finding that Defendant was competent to stand trial.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**ROBERT E. ROBLES, Judge**