This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37804**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**REYES BARELA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Glenn T. Ellington, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

L. Helen Bennett, P.C.
L. Helen Bennett
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}**     Defendant appeals his convictions for armed robbery and conspiracy to commit armed robbery. We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a timely memorandum in opposition. We remain unpersuaded that our initial proposed summary disposition was incorrect, and we therefore affirm.

### DISCUSSION

**{2}** Defendant continues to argue that the evidence was insufficient to support his convictions. "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Duran*, 2006-NMSC-035, ¶ 5, 140 N.M. 94, 140 P.3d 515 (internal quotation marks and citation omitted). We view the evidence "in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "We will not substitute our judgment for that of the fact[-]finder, nor will we reweigh the evidence." *State v. Trujillo*, 2012-NMCA-092, ¶ 5, 287 P.3d 344.

**{3}** In this case, the jury was instructed that in order to convict Defendant of each of the two counts of armed robbery, the State was required to prove beyond a reasonable doubt that on September 5, 2015, Defendant: (1) took and carried away U.S. currency from [the victim] or from her immediate control intending to permanently deprive [the victim] of the U.S. currency, (2) Defendant was armed with a handgun, and (3) Defendant took U.S. currency by the use or threatened use of force or violence. [RP 217, 219] *See* NMSA 1978, § 30-16-2 (1973) (defining armed robbery); UJI 14-1621 NMRA (setting out the elements of armed robbery). In order to convict Defendant of the two counts of conspiracy, the State was required to prove beyond a reasonable doubt that on September 5, 2015: (1) Defendant and another person by words or acts agreed together to commit armed robbery, and (2) Defendant and the other person intended to commit armed robbery. [RP 218, 220] *See* NMSA 1978, § 30-28-2(A) (1979) (defining conspiracy); UJI 14-2810 NMRA (setting out the elements of conspiracy); *see also State v. Caldwell*, 2008-NMCA-049, ¶ 29, 143 N.M. 792, 182 P.3d 775 ("To determine whether substantial evidence exists, we measure the evidence against the instructions submitted to the jury.").

**{4}** In our notice of proposed summary disposition, we noted that Defendant had failed to provide a recitation of the evidence and testimony presented at trial, as required by our rules of appellate procedure. *See* Rule 12-208(D)(3) NMRA (stating that the docketing statement shall contain a concise statement of all facts material to consideration of the issues raised); *see also Thornton v. Gamble*, 1984-NMCA-093, ¶ 18, 101 N.M. 764, 688 P.2d 1268 (stating that when an appellant raises the sufficiency of the evidence on appeal, the docketing statement should recite evidence that supports the decision below).

**{5}** Defendant has responded in his memorandum in opposition with a cursory and incomplete statement of the evidence at trial. Defendant recites that evidence was presented that two individuals, including one meeting his description, entered a Motel 6 in Santa Fe and instructed the desk clerk to give them money from the register. [MIO 1] There was also evidence that at least one of the individuals was armed at the time with a handgun. [MIO 1] Additionally, evidence was presented that the same two individuals then went to a Dollar General store in Santa Fe, and the individual meeting Defendant's description demanded money from the employees using what appeared to be a handgun. [MIO 1-2] Defendant also recites that he made incriminating statements to

police that were introduced at trial, although Defendant has not informed us of the substance of those statements. [MIO 3]

**{6}** We affirm. We note that Defendant has not informed this Court whether evidence was presented to establish that he actually received money from the victims after the armed demand for money was made. Moreover, Defendant has only provided a brief summary of the substance of the evidence, without supplying any specific information regarding the witnesses at trial or the State's evidence with respect to the elements of the offenses. *See State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483 (recognizing that when the party appealing fails to provide a summary of all the facts material to consideration of an issue, relief cannot be granted). In the absence of complete information regarding the evidence and testimony presented below or an argument that the State failed to meet its burden of proof with respect to any specific element of the offenses, we will presume that evidence in support of all elements of the offenses was presented below. *See State v. Rojo*, 1999-NMSC-001, ¶ 53, 126 N.M. 438, 971 P.2d 829 (holding that where the record is doubtful or deficient, every presumption is indulged by the reviewing court in favor of the correctness and regularity of the proceedings in the trial court); *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 19, 121 N.M. 562, 915 P.2d 318 ("Where there is a doubtful or deficient record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the lower court's judgment.").

**{7}** We note, however, that in arguing that the evidence was insufficient to support his convictions, Defendant argues that his inculpatory statements introduced at trial were not credible because they were the product of coercive police tactics. [MIO 7] We first note that Defendant did not respond in his memorandum in opposition to our proposed summary disposition of his argument that his statements to police were taken in violation of his *Miranda* rights or were otherwise inadmissible at trial. Accordingly, we affirm on that issue for the reasons stated in our notice of proposed disposition. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 268, 814 P.2d 136 (recognizing that where a party has not responded to this Court's proposed disposition of an issue, that issue is deemed abandoned).

**{8}** We also reject Defendant's argument that the evidence was insufficient because his statements were not credible because they were made under suspicious and coercive circumstances. [MIO 7] Defendant's statements to police were submitted to the jury along UJI 14-5040 NMRA, which provides:

> Evidence has been admitted concerning a statement allegedly made by [the D]efendant. Before you consider such statement for any purpose, you must determine that the statement was given voluntarily. In determining whether a statement was voluntarily given, you should consider if it was freely made and not induced by promise or threat.

[RP 222] Once the district court determines that a defendant validly waived his or her *Miranda* rights and that the resulting statements were voluntary, the issue of

voluntariness is properly submitted to the jury. *See State v. Armstrong*, 1971-NMSC-031, ¶ 3, 82 N.M. 358, 482 P.2d 61 (recognizing that the district court performs a preliminary function in inquiring into the voluntariness of a confession before submitting it to the jury, and the jury then has the duty to determine the credibility of the testimony respecting voluntariness).  Our appellate courts "will not invade the jury's province as fact-finder by second-guessing the jury's decision concerning the credibility of witnesses, reweighing the evidence, or substituting its judgment for that of the jury." *State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057 (alterations, internal quotation marks, and citation omitted); *see also State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (recognizing that "the jury is free to reject [the d]efendant's version of facts").

**{9}**     As a final matter, we note that Defendant also argued in his docketing statement that his right to speedy trial was violated and that he received ineffective assistance of counsel in this matter. We proposed to affirm on those issues, and Defendant has not responded to our proposed summary disposition in his memorandum in opposition. Accordingly, for the reasons set forth here and in our notice of proposed summary disposition, we affirm Defendant's convictions.

**{10}    IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**JENNIFER L. ATTREP, Judge**