This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **NO. A-1-CA-35266**

**TAMMY LYNN SANCHEZ TAFOYA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**James L. Sanchez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Jane A. Bernstein, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}    Defendant Tammy Lynn Sanchez Tafoya fatally stabbed her former boyfriend, Keith Miller, during an altercation in which they both wielded knives. Following a three-day jury trial, Defendant was convicted of dueling and second degree murder. Defendant appeals both convictions, arguing that the jury instruction on dueling created fundamental error by (1) misstating the law on dueling, and (2) tainting the other instructions and therefore confusing the jury regarding murder, self defense, and sufficient provocation. We reverse the dueling conviction but affirm the second degree murder conviction.

{2}    Because this is a memorandum opinion and the parties are familiar with the facts and procedural history of the case, it is unnecessary for us to repeat them here, except as required for our analysis.

**DISCUSSION**

**Standard of Review**

{3}    The district court's instructions to the jury on dueling and sufficient provocation form the basis of Defendant's issues on appeal. Defendant first argues that the dueling instruction misstated the law and that there was insufficient evidence of dueling. She also contends that the incorrect instruction on dueling coupled with the deficient instruction on sufficient provocation created jury confusion. "The standard of review we apply to jury instructions depends on whether the issue has been preserved." *State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134. "If the error has been

preserved we review the instructions for reversible error[, and i]f not, we review for fundamental error. *Id.* (citation omitted). "Under both standards we seek to determine whether a reasonable juror would have been confused or misdirected by the jury instruction." *Id.* (internal quotation marks and citation omitted). "[J]uror confusion or misdirection may stem not only from instructions that are facially contradictory or ambiguous, but from instructions which, through omission or misstatement, fail to provide the juror with an accurate rendition of the relevant law." *Id.*

{4}     Defendant agrees that her counsel did not object to the dueling instruction at trial. Because any objection to the instruction was not preserved below and is being raised for the first time on appeal, we review for fundamental error. "Error that is fundamental must be such error as goes to the foundation or basis of a defendant's rights or must go to the foundation of the case or take from the defendant a right which was essential to his defense and which no court could or ought to permit him to waive." *State v. Cunningham*, 2000-NMSC-009, ¶ 13, 128 N.M. 711, 998 P.2d 176 (internal quotation marks and citation omitted). "Fundamental error only applies in exceptional circumstances when guilt is so doubtful that it would shock the judicial conscience to allow the conviction to stand." *Id.* (internal quotation marks and citation omitted).

**The Jury Instruction on Dueling Misstated the Law**

**{5}**      The State concedes that the jury instruction on dueling was erroneous, there was insufficient evidence of dueling, and therefore, this Court should vacate Defendant's conviction on that charge. Although the State concedes this issue, we are not bound to accept the State's concession. *See State v. Gross*, 1982-NMCA-099, ¶¶ 4-5, 98 N.M. 309, 648 P.2d 348. We therefore briefly analyze Defendant's dueling conviction. NMSA 1978, Section 30-20-11 (1963) defines "[d]ueling" as any person:

> A.      conveying by written or verbal message a challenge to any other person to fight a duel with any deadly weapon, and whether or not such duel ensues;
> B.      accepting a challenge from another person to fight a duel with any deadly weapon, and whether or not such duel ensues;
> C.      engaging in or fighting a duel with any deadly weapon; or
> D.      aiding, encouraging or seconding either party to a duel and being present at such duel when deadly weapons are used.

The statute does not define the term "duel." However, this Court has previously defined a "duel" as "a combat with deadly weapons between two persons, fought according to the terms of a precedent agreement and under certain agreed and prescribed rules." *State v. Romero*, 1990-NMCA-114, ¶ 9, 111 N.M. 99, 801 P.2d 681 (internal quotation marks and citation omitted). A duel is "always a result of design," rather than a "sudden quarrel," and "has none of the elements of sudden heat and passion." *Id.* Duels are also generally governed by formal rules. *Id.*

**{6}**      At trial, the jury was instructed as follows:

> For you to find [D]efendant guilty of [d]ueling as charged in Count 2, the [S]tate must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
>
> 1. [D]efendant accepted a challenge from another person to fight a duel with a deadly weapon; and
> 2. This happened in New Mexico on or about the 8th day of August 2013.

While the above instruction tracks some language from Section 30-20-11, it fails to include the requirement that a duel arise from a precedent agreement and be governed by formal rules. *See Romero*, 1990-NMCA-114, ¶ 9. Consequently, the instruction misstated the law on dueling and necessarily constitutes fundamental error. In addition, and as the State concedes, there was no evidence at trial of either a preexisting agreement to fight nor were there any agreed-upon formal rules governing the battle between Defendant and Miller. As a result, there was insufficient evidence of dueling. We reverse and vacate Defendant's conviction for dueling.

**The Dueling Instruction Did Not Taint the Murder Instructions or Confuse the Jury**

**A.     The Murder Instructions Accurately Reflected New Mexico Law**

{7}     Defendant argues that the insufficient instructions on dueling confused the jury and "infected [their] deliberations on murder." Specifically, she contends that the dueling instruction confused the jury about the meaning of sufficient provocation and its role in distinguishing second degree murder from manslaughter. As an initial

5

matter we note—and Defendant agrees—that the jury instructions for self defense and murder were correct. Indeed, the jury was given form instructions for first degree murder, second degree murder, and voluntary manslaughter. *See* UJI 14-201 NMRA (first degree murder); UJI 14-210 NMRA (second degree murder); UJI 14-220 NMRA (voluntary manslaughter). The jury was also given form definitions of great bodily harm, sufficient provocation, and self defense. *See* UJI 14-131 NMRA (great bodily harm); UJI 14-222 NMRA (sufficient provocation); UJI 14-5190 NMRA (self defense). Notwithstanding these form instructions, Defendant argues that, "when read in conjunction with the incorrect dueling instruction, these instructions simply sowed more confusion about the meaning of sufficient provocation for manslaughter." We disagree.

{8}     "A jury instruction is proper, and nothing more is required, if it fairly and accurately presents the law." *State v. Laney*, 2003-NMCA-144, ¶ 38, 134 N.M. 648, 81 P.3d 591. "To determine whether the instruction is accurate on the law, we review all of the jury instructions that were given as a whole. We also review the instructions as a whole to determine whether a reasonable juror would have been confused or misdirected by the jury instructions." *Id.* (alterations, internal quotation marks, and citations omitted).

{9}     The form instruction provided to the jury defined "sufficient provocation" as "any action, conduct or circumstances which arouse anger, rage, fear, sudden

6

resentment, terror or other extreme emotions. The provocation must be such as would affect the ability to reason and to cause a temporary loss of self control in an ordinary person of average disposition. The 'provocation' is not sufficient if an ordinary person would have cooled off before acting." This definitional language exactly tracks UJI 14-222. The jury was also given the form instruction for voluntary manslaughter which provided, in part, that "[t]he difference between second degree murder and voluntary manslaughter is sufficient provocation. . . . Sufficient provocation reduces second degree murder to voluntary manslaughter." NMSA 1978, Section 30-2-1(B) (1994) defines "second degree murder" as follows: "Unless he is acting upon sufficient provocation, upon a sudden quarrel or in the heat of passion, a person who kills another human being without lawful justification or excuse commits murder in the second degree." "Voluntary manslaughter consists of manslaughter committed upon a sudden quarrel or in the heat of passion." NMSA 1978, § 30-2-3(A) (1994).

{10}    Defendant argues that because the sufficient provocation instruction "omitted the idea of a sudden quarrel or heat of passion[,]" the jury was never given "an accurate rendition of the applicable law." Defendant fails to explain why this is so and provides no analysis to support her statement. This Court has no duty to review an argument that is not adequately developed. *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076.

7

{11}    In any event, we conclude that the omission of "sudden quarrel" or action taken in the "heat of passion" in the sufficient provocation instruction does not require reversal in this case. The instruction that was given to the jury is not inconsistent with its broader definition that sufficient provocation constitutes "any action, conduct or circumstances which arouse anger, rage, fear, sudden resentment, terror or other extreme emotions." UJI 14-222. We also reject Defendant's implication that the instruction given is deficient, as it mirrors the New Mexico uniform instruction, no New Mexico law supports Defendant's request for the instruction to include additional language, and the New Mexico instruction is broader than Defendant's desired language. Defendant's assertion that the jury was never given an accurate statement of the applicable law thus fails.

**B.      The Jury's Note Does Not Demonstrate It Was Confused on an Important Legal Standard**

{12}    Defendant argues there is evidence that the dueling instruction confused the jury's deliberations on murder. Her asserted evidence is a single note that the jury sent to the district court during its deliberation. The note asked, "Could we get further elaboration on 'sufficient provocation[?]' " The district court, after consulting with

8

counsel for both sides, responded, "Please follow instruction number 14," the sufficient provocation instruction quoted above.[1]

{13} On appeal, we conclude that there is no support for Defendant's argument that the jury was confused. The district court need only be concerned when a jury indicates it is confused as to important legal standards in the case and the general instruction did not provide the legal information needed. In other words, "[w]hen a jury indicates through its queries that it is confused as to important legal standards in a case, particularly where there is an apparent basis for the confusion, it is plain error for the district court not to clarify that confusion. Where a jury shows confusion about a central aspect of applicable law, and the general instruction did not provide the legal information needed, reversible error occurs when the court does not respond to the jury's note." *Juan*, 2010-NMSC-041, ¶ 16 (alteration, internal quotation marks, and citations omitted) .

{14} The mere fact that the jury in this case sent a note regarding the sufficient provocation instruction is not evidence that they were fundamentally confused by the dueling instruction. The question from the jury did not demonstrate it was

---

[1]We note that while Defendant claims the district court's response "brushed the jury's question aside," she has not directly argued that the district court's response to the jury's question was improper. "The decision to issue additional jury instructions generally lies within the sound discretion of the trial court." *State v. Juan*, 2010-NMSC-041, ¶ 16, 148 N.M. 747, 242 P.3d 314. As Defendant does not challenge the district court's response to the jury, we do not further analyze the response.

9

misapplying the legal definition of sufficient provocation in its murder deliberations, but rather, that it was seeking additional information regarding the concept than was provided in the standard legal definition. Most importantly, the note does not refer to the erroneous dueling instruction or indicate it was applying that instruction to its murder deliberations. Defendant cites no case law, from New Mexico or elsewhere, indicating that a jury request for elaboration on an otherwise correct instruction of the law indicates evidence of confusion that would taint the verdict, and we decline to view it as such. Defendant has failed to demonstrate any error in the murder instructions that would go to the foundation of her rights or of the murder case. *See Cunningham*, 2000-NMSC-009, ¶ 13. We affirm Defendant's murder conviction.

**CONCLUSION**

{**15**}    Defendant's conviction for dueling is reversed and vacated. We affirm Defendant's conviction for second degree murder.

{**16**}    **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Chief Judge**


**WE CONCUR:**

_____

**J. MILES HANISEE, Judge**


_____

**JULIE J. VARGAS, Judge**